**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VANCE GARLAND ALLEN,

    Defendant-Appellant.

No. 99-4024
(D.C. No. 98-CR-485-W)
(Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).

Mr. Vance Garland Allen entered a plea of guilty to possession of a firearm by a restricted person and now appeals the district court's application of the sentencing guidelines. He argues, and the government concedes, that he was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

incorrectly sentenced as a Criminal History Category IV offender.

We review for plain error calculations based on a presentence report to which the defendant did not object below. *See United States v. Richards*, 27 F.3d 465, 468 (10th Cir. 1994). Here, the district court relied on a supplemental PSR that improperly listed an unverified conviction by stating that "court and police information have been requested but not received". Mr. Allen did not see a copy of the supplemental PSR. The inclusion of the unverified conviction increased Mr. Allen's Criminal History Category from III to IV, giving him a sentencing range of 57-71 months. He was sentenced to the minimum 57 months. If Mr. Allen had been sentenced as a Category III offender, his sentencing range would have been 46-57 months and a recommended minimum would have been 46 months, 11 months less than his current sentence. The government concedes the error and recommends resentencing. We agree the government plainly failed in its burden to prove the unverified conviction and remand for resentencing.

Mr. Allen offers an alternative argument that the unverified conviction, if ever verified, should not be included in the calculations because it is part of an earlier conviction and would result in double counting. We agree with the government that the record is not sufficient to allow us to address this argument and we leave it to the district court to further develop the issue.

We **REVERSE** and **REMAND** for resentencing.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge